

U.S. Department of Justice

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*   *412/644-3500*

January 11, 2022

Gabrielle Lee, Esquire
1001 Liberty Avenue
Suite 1500
Pittsburgh, PA 15222

Re:  United States of America v.
     Albert Morris
     Criminal No. 21-238

Dear Ms. Lee:

This letter sets forth the agreement by which your client, Albert Morris, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Albert Morris and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Albert Morris will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Albert Morris, agrees to the following:

        1.    He will enter a plea of guilty to Count One of the Indictment at Criminal No. 21-238, charging him with violating 18 U.S.C. § 844(e), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

        2.    He acknowledges his responsibility for the conduct charged in Count Two of the Indictment at Criminal No. 21-238 and stipulates that the conduct



GOVERNMENT EXHIBIT 1

LIMITED OFFICIAL USE

charged in that Count may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence.

3. At the time Albert Morris enters his plea of guilty, he will deposit a special assessment of $100 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

4. Albert Morris waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.

5. Albert Morris waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

   (a) If the United States appeals from the sentence, Albert Morris may take a direct appeal from the sentence.

   (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Albert Morris may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. After the imposition of sentence, the United States Attorney will move to dismiss the remaining count of the Indictment at Criminal No. 21-238, without prejudice to its reinstatement if, at any time, Albert Morris is permitted to withdraw his plea of guilty. In that event, Albert Morris waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of any count dismissed pursuant to this agreement.

  2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Albert Morris in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

  3. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

  4. The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.  Albert Morris and the United States Attorney further understand and agree to the following:

  1. The penalty that may be imposed upon Albert Morris at Count One is:

   (a) A term of imprisonment of not more than ten (10) years;

   (b) A fine of not more than $250,000;

   (c) A term of supervised release of not more than three (3) years;

   (d) A special assessment under 18 U.S.C. § 3013 of $100.

  2. The parties agree that the base offense level under Section 2A6.1(a)(1) of the Guidelines is twelve (12), and that the base offense level should be raised by a total of four (4) levels under Section 2A6.1(b)(4) of the Guidelines.

  3. The parties further agree that, after a three-level reduction for the acceptance of responsibility, Morris's overall offense level under the Sentencing Guidelines is thirteen (13).

  4. Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case is a term of imprisonment of time served, no fine, a term of supervised release of three (3) years, and a special assessment of $100.

   Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence

report. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw his guilty plea.

The parties further agree that no other enhancements, departures or variances are applicable or appropriate.

Defendant agrees that he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

5. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Albert Morris acknowledges that the willful failure to pay any fine may subject him to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

6. This agreement does not preclude the government from pursuing any civil or administrative remedies against Albert Morris or his property.

7. The parties agree that, although a charge is to be dismissed pursuant to this agreement, Albert Morris is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, § 617 (Nov. 26, 1997) (known as the Hyde Amendment). Albert Morris waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

8. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Albert Morris and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

CINDY K. CHUNG
United States Attorney

Page 5

I have received this letter from my attorney, Gabrielle Lee, Esquire, have read it and discussed it with her, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

*/s/ Albert Morris*
ALBERT MORRIS

2/24/22
Date

Witnessed by:

*/s/ Gabrielle Lee*
GABRIELLE LEE, ESQUIRE
Counsel for Albert Morris