IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:21-cr-238 |
| | ) | |
| ALBERT MORRIS | ) | |

**SENTENCING MEMORANDUM**

Awaiting Albert Morris when he is released from custody is a home at Washington County City Mission. City Mission is a faith-based rehabilitative housing program that welcomed Mr. Morris following his arrest in this case. At City Mission, Mr. Morris will resume his structured mental health and substance abuse treatment, which includes mandatory random drug testing, recovery meetings, and counseling and he hopes to return to his job as City Mission's maintenance supervisor. The Washington County City Mission will offer Mr. Morris the housing and financial stability and the mental health and substance abuse treatment he needs following his release from custody.

Albert Morris is scheduled to be sentenced by this Honorable Court on July 7, 2022. The parties entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure stipulating to a sentence of time-served, followed by a three-year term of supervised release. Mr. Morris has already served approximately ten months of imprisonment. For the reasons set forth below, undersigned counsel requests this Court accept the plea agreement and sentence Mr. Morris to time-served.

I.   **Application of the Sections 3553(a) Factors Warrant a time-served sentence.**

This Court has "broad discretion" in imposing a sentence. *United States v. Booker*, 543 U.S. 220, 233 (2005). While the Court must consider the United States Sentencing Guidelines ("Guidelines") when fashioning a sentence, it may not presume that a sentence within the advisory Guideline range is appropriate. *Gall v. United States*, 552 U.S. 38, 50 (2007). The Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and be guided by the statute's overarching "parsimony provision," *United States v. Olhovsky*, 562 F.3d 530 (3d Cir. 2009), which requires the Court to impose a sentence that is "sufficient, **but not greater than necessary**, to comply with the purposes of sentencing." 18 U.S.C. § 3553(a).

   **A.  The nature and circumstances of the offense.**

In early 2020, Albert Morris had to leave his job at a temp agency because he was experiencing health problems that interfered with his ability to perform his job duties. With the onset of the pandemic and being over 60 years old with health limitations, Mr. Morris struggled to find a new job. During this time of unemployment, he began to slip into depression, where he abused alcohol to cope with his personal and financial struggles. On July 23, 2020, Mr. Morris admitted himself to Cove Forge Behavioral Health's dual-diagnosis inpatient program for treatment of his alcohol and marijuana addiction, as well as to receive mental health treatment for depression. His intake assessment explained that "Albert is struggling with strained family relationships, financial problems, and has been involved with the legal system, as a result of his use." See Exhibit A. One month later, he was

successfully discharged from the program and transitioned to Dr. Daniel Snow Halfway House in Erie, PA.

After a few months at the halfway house, Mr. Morris moved from Erie, Pennsylvania back home to Pittsburgh in hopes of securing employment. With no family or other support in the area, he lived in hotels until he could no longer afford the nightly cost of a room. He struggled to find employment because many businesses were closed and he did not have access to computers at the public library to complete a job application. He was eventually invited to stay with a friend and it was there that Mr. Morris relapsed and began drinking excessively and smoking marijuana. He explained that the marijuana and excessive drinking caused him to "start thinking stupid" and having thoughts that were not rational.

On December 29, 2020, the government began to issue a second round of Covid-19 relief stimulus checks to assist Americans, like Mr. Morris who were impacted financially by the pandemic. Unfortunately, Mr. Morris never received either stimulus check. He made numerous calls to the IRS and other agencies attempting to get the stimulus money he believed he was entitled to, but to no avail. At the time of this offense, Albert Morris was broke, spending what little money he had on alcohol and marijuana, nearly homeless, abusing alcohol and marijuana, frustrated, and struggling with irrational thoughts. His actions in this case were the product of his circumstances and fueled by alcohol and desperation.

### A. History and Characteristics of Albert Morris.

Mr. Morris is a criminal history category I. *See* Presentence Report ("PSR") ¶ 77. While his criminal history does reflect some history of serious offenses, these all occurred in the 1970s and 1980s when he was in his late teens and 20s. PSR ¶ 37 – 41. He is now sixty-one-years-old and in the past 30 years the only criminal convictions he's sustained were for the minor state court offenses of summary trespass and misdemeanor possession of controlled substance. PSR ¶ 42 – 43.

### B. The advisory Guidelines range

The adjusted offense score, with acceptance of responsibility is a 13. With a criminal history category of I, Mr. Morris' guideline range for this offense is 12 - 18 months. PSR ¶ 77. While the Court must consider the United States Sentencing Guidelines ("Guidelines") when fashioning a sentence, it may not presume that a sentence within the advisory Guideline range is appropriate. *Gall v. United States*, 552 U.S. 38, 50 (2007). The goal of federal sentencing is to fashion a sentence that is based upon an individualized assessment and not wedded to a mathematical calculation. *Carter v. United States*, 564 F.3d 325, 328 (4th Cir. 2009).

### C. The need to avoid unwarranted sentence disparities

This Court must also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The United States Sentencing Commission tracks the average sentence imposed based upon sentencing zone, criminal history category, and primary guideline. The average sentence for an individual sentenced under Guideline

§2A6.1 who are a Criminal History Category I, falling within Zone C of the sentencing table is eight months. To date, Mr. Morris has served approximately ten months in custody. Therefore, a sentence of time served would be in line with other similarly situated defendants.



1

### D. The need to provide training or other correctional treatment in the most effective manner.

A time-served sentence, followed by a term of supervised release would be the most effective way for Mr. Morris to get the programming and treatment he needs. The Washington County City Mission offers a structured residential program which

---

[1] Interactive Data Analyzer, United States Sentencing Commission, (last visited Jun. 6, 2022), https://ida.ussc.gov/analytics/saw.dll?Dashboard.

includes mandatory random drug testing, classes, recovery meetings, 12-step sponsorship, counseling, and work readiness programs, far more than what Mr. Morris is receiving while in custody.

## CONCLUSION

Mr. Morris respectfully requests this Court accept the parties' plea agreement and the stipulated sentence of time-served pursuant to Rule 11(c)(1)(C). The stipulated sentence set forth in this agreement represents a punishment that is sufficient but not grater than necessary to meet the goals of sentencing in this case.

Respectfully submitted,

/s/ Gabrielle Lee
Gabrielle Lee
Assistant Federal Public Defender